Dear Mr. Davidson:
Your request for an Attorney General Opinion was forwarded to me for research and reply. Your question is, as follows:
 Does the public bid law, La. R.S. 38:2211, et seq., prevent the Sheriff's Office from satisfying an outstanding lien in excess of ten thousand dollars ($10,000.00) on a vehicle seized pursuant to the Louisiana drug asset forfeiture law, La. R.S. 40:2601 et seq, in order that the vehicle can be used in furtherance of undercover operations by the Sheriff's Office?
La. R.S. 38:2212(A)(1)(a) addresses the requirement placed on public entities to accept bids from the lowest responsible bidder on contracts for public work "including labor and materials, and all purchases of any materials or supplies exceeding the sum of ten thousand dollars to be paid out of public funds . . ." (emphasis added.)
The purpose of the public bid law, La. R.S. 38:2211, et seq., is to protect the taxpayers of Louisiana from public contracts "awarded through favoritism and possibly involving exorbitant and extortionate prices." Budd Const. Co., Inc. v. City of Alexandria, 401 So.2d 1070 (La.App. 3rd Cir. 1981), citing Haughton Elevator Div. v. State, Div. of Admin.,367 So.2d 1161 (La. 1979). Additionally, the public bid law was enacted to make sure that "tax dollars for public works are spent wisely . . ." State, through Office of Governor v. L.W. Eaton Const. Co., Inc., 392 So.2d 477 (La.App. 1980).
In the situation at hand, the vehicle seized pursuant to the drug asset forfeiture statute has an outstanding lien in excess of ten thousand dollars ($10,000.00). The Sheriff's Office wishes to forfeit the vehicle and pay off this lien to use the vehicle in undercover operations. The issue is whether or not paying off the lien is tantamount to a "purchase" encompassed by the public bid law.
Paying off a lien or mortgage does not amount to a "purchase" for public bid law purposes since the payment merely satisfies a debt. The purpose of the public bid law is not thwarted when a public entity pays off a lien on seized property in order to use that property for the official use of the office. There is no possibility of contracts being awarded in a biased manner, nor is there a chance for extortion. Also, the taxpayers' dollars are not being wasted. The drug asset forfeiture law provides for a specific procedure which prevents opportunities for favoritism, extortion or wastefulness of tax dollars. Pursuant to the drug asset forfeiture act, particularly La. R.S. 40:2604(2)(b), property is subject to seizure and forfeiture when it is "used or intended to be used in any manner to facilitate conduct giving rise to forfeiture . . .". When property is used in furtherance of the drug trade, it is subject to seizure and forfeiture to the detriment of the defendant. The property is seized and forfeited pursuant to the specific procedure provided by the drug asset forfeiture law and these provisions must be complied with as the law provides. In addition, the drug asset forfeiture law, does not allow for the awarding of contracts. Therefore, when a lien is satisfied on property seized and forfeited pursuant to the drug asset forfeiture law, it does not constitute a "purchase" for the purpose of the public bid law.
Further, La. R.S. 40:2616(A)(1) authorizes the district attorney to keep the forfeited property for official use by his office or gives him the discretion to transfer the ownership of forfeited property to other local, state or federal agencies. The district attorney also has the option to dispense with the seized property at public sale. The proceeds of which are required to be deposited into the Special Asset Forfeiture Fund to be disposed of by the court as required by La. R.S.40:2616(B). This provision directs the district attorney to administer the funds in order of priority, the first being" . . . satisfaction of any bona fide security interest or lien." The drug asset forfeiture law does not contemplate the requirement of public bids in the transfer of ownership or satisfaction of liens since safeguards to protect the public interest are provided therein.
There is a check on the district attorney in that La. R.S.40:2616(D) requires the district attorney to submit to the governor, president of the Senate and speaker of the House of Representatives, a report listing "the total amount of seized or estimated value of property seized and the amounts of funds or property seized and the amounts of funds or property distributed to any entity, agency, or fund," for each calendar year. The drug asset forfeiture law protects taxpayers from any potential corruption and extends all protections that are encompassed by the public bid law.
It is the opinion of this Office that payment of bona fide liens or security interests as required by the drug asset forfeiture law does not constitute a purchase for purposes of the public bid law. Therefore, the public bid law is not applicable to this situation.
I hope the foregoing has sufficiently answered your question. If our office can be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: FRANK BRINDISI Assistant District Attorney Criminal Division
RPI/FB/CAJ:sol